## EWING v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
January 15, 1930.

No. 5671.

M. G. Adams, of Beaumont, Tex. (C. W. Howth and Lamar Hart, both of Beaumont, Tex., on the brief), for appellant.

S. D. Bennett, Asst. U. S. Atty., of Beaumont, Tex. (Randolph Bryant, U. S. Atty., of Sherman, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant was charged with obstructing an officer of the United States while in the act of serving and attempting to execute a search warrant, in violation of section 628, title 18, U. S. Code (18 USCA § 628). The first count of the indictment, omitting formal and jurisdictional allegations, is as follows:

"* * * That Troy F. Ewing, whose name is otherwise unknown to the grand jury, on or about the 8th day of June, in the year 1928, at Beaumont, Jefferson county, Texas, in the said division of said district, and within the jurisdiction of said court did then and there unlawfully, willfully, knowingly, forcibly, and feloniously obstruct and oppose one Don A. Spencer, an officer of the United States, to wit, a federal prohibition agent, an agent and assistant of the Commissioner of Internal Revenue of the United States, while the said Don A. Spencer was then and there a duly appointed, qualified, and acting officer of the United States, as aforesaid, and while he the said Don A. Spencer, was in the act of serving and executing, and attempting to serve and execute a search warrant, duly and legally issued by C. E. Pool, a duly acting and qualified United States commissioner for the

Eastern district of Texas, commanding the said Don A. Spencer, as said official to search the premises of the said T. F. Ewing for intoxicating liquors and he, the said T. F. Ewing, then and there, and theretofore well knowing the said Don A. Spencer to be such officer and authorized by law to execute said search warrant. * * *"

The second count is practically the same except that it charges resistance and assault by means of a shotgun. Appellant was convicted on both counts and sentence of two years, to run concurrently, was imposed on each. By demurrer to the indictment, by motion to quash the search warrant and to suppress the evidence obtained by it, by motion for a directed verdict and in other ways appellant raised the following points:

First, that the search warrant is not sufficiently described in the indictment and the allegation of its legality is a mere conclusion of the pleader; second, that the search warrant issued without probable cause, the officer serving it was acting illegally and was not protected by it in invading appellant's home.

■■ As to the first point, it is clear that the authority of Spencer, the officer obstructed, and Poole, United States commissioner, issuing the warrant, is sufficiently shown. Both are officers of the United States, whose duties are prescribed by statute. 27 USCA § 11; 18 USCA § 611. The premises to be searched under and by virtue of the warrant and the reasons for the search are also sufficiently shown. The warrant itself is identified. It was not necessary to set it out in full as its recitals could have no bearing on the offense charged. The allegations of the indictment track the statute and were sufficient to inform the accused with reasonable certainty of the nature and cause of the accusation against him, to enable him to prepare his defense and to plead the conviction in bar of a second prosecution for the same offense. Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Ledbetter v. U. S., 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162.

■■ On the second point, with regard to the search warrant, it appears that it was based on the affidavit of Max Maddox, who swore to it before the commissioner on June 2, 1928, the date the warrant was issued. The affidavit describes the house boat occupied by appellant with reasonable certainty. Its other material allegations are as follows: "On June 1, 1928, at 9:30 p. m., I was on the premises of a man by the name of Ewing and purchased from him 1 pt. intoxicating whiskey for which I paid him the sum of $2.00; that there was a quantity of intoxicating whiskey displayed on the kitchen table at that time and Mr. Ewing told me that I could get more at any time; * * *"

It is contended that this was not sufficient to permit a search to be made at night, when the warrant was executed, according to its terms, although it seems to be admitted that probable cause might have been shown for a search in the daytime.

The place to be searched was a house boat in which appellant lived and therefore it had the sanctity of a home. It was necessary that it be shown that a sale of liquor had been made on the premises or that it was used for business purposes. 27 USCA § 39. It was also necessary to show that intoxicating liquor was on the premises at the time the warrant was issued. 18 USCA §§ 613–616. Further, if the warrant was to authorize search in the nighttime, the affidavit was required to be "positive" that the property was in the place to be searched. 18 USCA § 620.

Unless an affidavit be made on the premises, something unthinkable in the orderly procedure of applying for a warrant, it would be manifestly impossible for the affiant to state of his own knowledge that the illegal property was at the moment on the premises to be searched. A statement that he was "positive" it was there would add nothing to the probative value of his affidavit. The most he is required to do is to state facts within his own knowledge from which the officer issuing the search warrant may reasonably conclude that the liquor or other property subject to seizure is at the time on the premises. The affidavit in this case meets the test. The warrant was promptly applied for, in fact as soon as practicable. The affidavit shows that liquor was sold at night and the invitation to return clearly implies that a stock would be on hand at all times when wanted. The contention that the warrant issued without probable cause is entirely without merit.

■ The record leaves no doubt as to the violent obstruction of the officer charged with the duty of executing the warrant. There is some conflict in the evidence as to whether the fact that he had a search warrant was made known to appellant before the admitted forcible entry of the house boat, but this was a question for the jury. Appellant was not entitled to the direction of a verdict of acquittal.

The record presents no reversible error.

Affirmed.