Jack D. **BURNETT**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12307.**

United States Court of Appeals
Sixth Circuit.

May 2, 1955.

Jacob S. Hyer, Elkins, W. Va., in support of motion to dismiss.

John G. Laughlin, Atty., Department of Justice, Washington, D. C., in opposition.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

Walter B. Smith, Louisville, Ky., on brief, for appellant.

J. Leonard Walker, U. S. Atty., Charles M. Allen, Asst. U. S. Atty., Louisville, Ky., on brief, for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

Appellant, an officer in the United States Army with the rank of Lieutenant Colonel, was tried on two indictments (consolidated for trial), each in two counts charging violation of section 641 of Title 18, United States Code. He was acquitted on the first count of one indictment and found guilty on the second count thereof, and was found guilty on both counts of the other indictment. The district judge fined him $500 on each of the three counts upon which he was convicted and sentenced him to imprisonment for one year and one day on each of the three counts, such sentences to run concurrently.

The second count of the first indictment upon which he was found guilty charged that the defendant officer knowingly converted to his own use the services and labor of two employees of the United States in constructing a chest of drawers for his personal use and benefit, without reimbursing the United States for the value of such services and labor.

The first count of the second indictment upon which he was convicted charged that appellant embezzled a deep freeze unit belonging to the United States; and the second count of the same indictment charged that he embezzled two air conditioning units which were the property of the United States.

Upon consideration of the whole record in the case, we find that there was substantial evidence to support the jury verdict of guilty on each of the three counts upon which appellant was convicted. In our opinion, the district court did not err in admitting the testimony of Miss Carpenter concerning an alleged telephone conversation with appellant. That presented a question of fact for the jury to decide as to whether the person with whom she had the telephone conversation was actually appellant.

The district court properly declined to admit evidence relating to an alleged Army custom pertaining to the making of household articles for officers by employees of the United States, on government time and expense. No custom is a justifiable defense for violation of the criminal code of the United States.

We find no substantial variance between the *allegata* of the indictment and the *probata* at the trial. We think there was evidence of actual embezzlement during the period covered by the indictment. Moreover, it is well settled that the one-time requirement of hypertechnical niceties in criminal pleading is no longer exacted; but it is adequate pleading if the indictment charges a crime with such clarity that the accused person may properly be apprised of the charge, so that he may prepare all defenses within his power to offer and that, if ever again he is brought to trial for the same offense, he may be in position to plead either former acquittal or former conviction of the repeated charge.

Upon consideration of the record in entirety, we find no reversible error. Accordingly, the judgment of conviction and sentence in the district court is affirmed.