**John Henry RIDER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22271.**

United States Court of Appeals Fifth Circuit.

Jan. 19, 1966.

Wesley R. Asinof, Atlanta, Ga., for appellant.

Bobby C. Milam, Asst. U. S. Atty., Thomas K. McWhorter, Asst. U. S. Atty.,

Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before BROWN and COLEMAN, Circuit Judges, and GARZA, District Judge.

PER CURIAM:

The only issue in this case is whether the Government Agent's affidavit, upon the basis of which a nighttime search warrant was issued, was—within the meaning of F.R.Crim.P. 41(c)—"positive that the property is on the person or in the place to be searched." Appellant contends that affiant's failure to specify when the observations to which he deposed [1] were made, rendered the affidavit less than positive that the property sought was presently on the premises. However, in view of the facts that these observations were narrated in the present tense, that some time lapse between the observations and the making of the affidavit is inevitable,[2] and that the property sought included the semipermanent structure of a distillery,[3] we hold that the Commissioner in issuing the search warrant could have reasonably concluded that the distillery was at the time on the premises. Therefore, we affirm.

Affirmed.

[1]. In support of his belief that "there is now being concealed * * * an unregistered distillery, and supplies and apparatus connected therewith * * *," affiant swore:

"There is a new tar paper shack built on the back of a barn to the rear of the residence with vehicle travel between the house and barn. To the rear of the barn a 2″ slop hose with fresh slop at the end about 30 ft. from the barn. There is spent grain at the side of the barn, fuel oil drums beside the barn. The distinct odor of mash can be readily ascertained. The barn is papered up inside to cover cracks."

On argument, appellant conceded that to support a nighttime search warrant, it was not necessary that these observations be made on the very day of the affidavit.

[2]. See Ewing v. United States, 5 Cir., 1930, 37 F.2d 287, 288:

"Unless an affidavit be made on the premises, something unthinkable in the orderly procedure of applying for a warrant, it would be manifestly impossible for the affiant to state of his own knowledge that the illegal property was at the moment on the premises to be searched. * * * The most he is required to do is to state facts within his own knowledge from which the officer issuing the search warrant may reasonably conclude that the liquor or other property subject to seizure is at the time on the premises."

[3]. Considering the large, cumbersome nature of modern illicit stilling apparatus, the time lapse between the observations and the affidavit may properly be greater here than was permitted in the Prohibition-era cases such as Distefano v. United States, 5 Cir., 1932, 58 F.2d 963, and In re Hollywood Cabaret, 2 Cir., 1925, 5 F.2d 651, where the presence of readily movable quantities of liquor was sought to be shown by the affiant's observations of single sales weeks before the search warrant was applied for.