**UNITED STATES of America,**

v.

**Jules G. SLAPO, Sidney Rogoff, Leonard Bidney and E and E Bindery Service, Inc., Defendants.**

**No. 66 Cr. 691.**

United States District Court
S. D. New York.

May 31, 1968.

Robert M. Morgenthau, U.S. Atty., for the Southern District of New York, New York City, for the United States; Stephen F. Williams, Asst. U.S. Atty., of counsel.

Buchner & Fassler, New York City, for defendants Jules G. Slapo, Sidney Rogoff and E and E Bindery Service, Inc.; Leonard J. Fassler, New York City, of counsel.

Irwin Klein, New York City, for defendant Leonard Bidney.

## OPINION

WEINFELD, District Judge.

 Assuming, as the defendants allege, that "fake books" have been accepted by the music industry without opposition, we have not yet reached the point, at least in this court's view, where an industry custom and practice serves

to repeal criminal laws.[1] Equally, the fact, if it be a fact, that no copyright owner has brought suit for infringement does not debar a prosecution to enforce the statute if there is probable cause to believe it has been violated.[2] The motion to dismiss the information for alleged insufficiency is denied.

 The motion to suppress evidence obtained pursuant to search warrants based upon the alleged insufficiency of the affidavits is also denied. The affidavit of September 30, 1963 is clearly sufficient. Its present tense allegation that the "premises are being used" is sufficient to convey to the commissioner that the observations of the informant were current; in this circumstance there was no need to particularize specific dates. The informant referred to under subdivision (2) is stated to be one who previously furnished information concerning similar matters which proved reliable; this, plus the further averment that the informant has "seen such books on the said premises," was sufficient to meet the test of probable cause. The affidavit upon its face contains sufficient information to have informed the commissioner of some of the underlying circumstances from which the informant concluded the premises were being used for the assembly and sale of books containing copyrighted musical compositions reprinted and published without the consent of the copyright owner, and also some of the underlying circumstances that the information was reliable, since not only had reliability been demonstrated on prior occasions, but was supported by the informant's personal observations on the premises.[3]

■ Equally without substance is the attack upon the second affidavit. This, too, alleges the present use of the premises to commit a violation of law. In this instance the FBI agent not only relies upon information from the sublessor, believed to be reliable, but this is corroborated by the agent's personal observation of the cartons containing the plates used in the manufacture of the alleged illicit books in violation of the copyright owner's rights.

1. See Burnett v. United States, 222 F.2d 426, 427 (6th Cir. 1955); Smith v. United States, 188 F.2d 969, 970–71 (9th Cir. 1951).

2. Cf. Gilbert v. United States, 359 F.2d 285, 286–87 (9th Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 169, 17 L.Ed.2d 109 (1966).

3. See Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); United States v. Perry, 380 F. 2d 356, 358 (2d Cir.), cert. denied, 389 U.S. 943, 88 S.Ct. 307, 19 L.Ed.2d 299 (1967).