UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest KIDD, Jr., Defenndant-Appellant.

No. 18465.

United States Court of Appeals
Sixth Circuit.

Feb. 25, 1969.

Charles W. Martin, Oneida, Tenn., for appellant.

G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., for appellee; George I. Cline, U. S. Atty., Lexington, Ky., on brief.

Before EDWARDS, McCREE, and COMBS, Circuit Judges.

McCREE, Circuit Judge.

Appellant was convicted of possessing "moonshine" whiskey in violation of § 5061 of the Internal Revenue Code of 1954 and sentenced to a term of three years in prison. The sole question on

appeal is the sufficiency of an affidavit used to obtain a search warrant, the execution of which resulted in the discovery of twenty-eight gallons of whiskey on appellant's premises.

The affidavit in question was presented to the County Judge of McCreary County, Kentucky by an agent of the United States Treasury Department. In it the agent stated that he had reason to believe that appellant was unlawfully in possession of intoxicating liquor. He based his belief, as recited in the affidavit, "on information furnished him by a confidential and reliable source which [had] proved to be reliable on many occasions in the immediate past;" and on the fact "that said reputable and confidential informant stated to [him] on today that he saw on today moonshine whiskey in the possession of the [appellant] * * *."

Appellant contends that the aforementioned recitals were insufficient to establish the probable cause necessary for the issuance of a search warrant. He concedes that an affidavit based on hearsay is "not to be deemed insufficient on that score" alone, Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960), but maintains that here there was no "substantial basis for crediting the hearsay * * *." 362 U.S. at 269, 80 S.Ct. at 735.

We observe, as we did in United States v. Bowling, 6 Cir., 351 F.2d 236 (1965), that police officers should be encouraged to submit their evidence to a magistrate and request the issuance of search warrants before acting, and "a grudging or negative attitude by reviewing courts toward warrants will tend to discourage" this practice. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). Accordingly, the judiciary should be ever mindful not to encrust the procedure for securing warrants with unnecessary formalities and technicalities.

In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court established a two-pronged test for determining the sufficiency of affidavits based on hearsay.

Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, * * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, * * was 'credible' or his information 'reliable.' 378 U.S. at 114, 84 S.Ct. at 1514.

Recently the Supreme Court explicated the test announced in *Aguilar*. In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (U.S. Jan. 27, 1969), the Court made it clear that a declaration in the affidavit that the informant visually observed the fact asserted therein would suffice to establish the probability of its existence, provided there was also a substantial basis for confirming the credibility of the informant. As to this latter prerequisite, the Court observed that it could be satisfied by a declaration by the affiant of the previous reliability of the informant. See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

Applying these criteria to the instant case, it is evident that the affidavit did afford the County Judge a substantial basis for concluding that the property sought was located at the premises described. The affidavit recited that the informant stated to the agent that he had seen the whiskey on appellant's premises on the day of its execution, and the agent informed the magistrate that the informant had "proved to be reliable on many occasions." Accordingly, issuance of the search warrant was proper.

Affirmed.