UNITED STATES of America, Plaintiff-Appellee,

v.

Roosevelt Hudson HARRIS, Defendant-Appellant.

No. 18961.

United States Court of Appeals Sixth Circuit.

May 28, 1969.

John J. Tribell, Middlesboro, Ky., for appellant.

George I. Cline, U. S. Atty., G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and McCREE, Circuit Judges.

PER CURIAM:

Appellant was convicted of possessing non-tax-paid distilled spirits in violation of Section 5205(a) (2) of the Internal Revenue Code of 1954 and sentenced to two years in prison. The sole question on appeal is the sufficiency of an affidavit used to obtain a search warrant, the execution of which resulted in the discovery of approximately six gallons of whiskey on and about appellant's premises. The District Judge denied a motion to suppress this evidence, rejecting appellant's contention that the affidavit failed to establish probable cause.

The affidavit contained the following recitals: 1) during the past four years, the appellant had a reputation with the affiant of being a trafficker in non-tax-paid whiskey; 2) sometime during this four year period a constable had located a cache of whiskey in an abandoned house which was under appellant's control; and 3) an informer who the affiant "found * * * to be a prudent person" had told the affiant, as of the date of the affidavit, that he (the informer) "has personal knowledge of and has purchased illicit whiskey from within the residence [of appellant] for a period of more than 2 years, and most recently within the past 2 weeks," and that he knew of another person who purchased illicit whiskey at appellant's residence within the past 2 days.

The Supreme Court has held that an affidavit based on hearsay information may establish the probable cause requisite to the issuance of a search warrant if the issuing magistrate is:

informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.' Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964). Accord, Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (Jan. 27, 1969).

This court recently applied the test enunciated in Aguilar, and decided that "a declaration in the affidavit that the informant visually observed the fact asserted therein would suffice to establish the probability of its existence, provided there was also a substantial basis for confirming the credibility of the informant." United States v. Kidd, 407 F.2d 1316 (6th Cir., Feb. 25, 1969). In *Kidd,* the previous reliability of the informant served to confirm his credibility.

A declaration that the informer has purchased whiskey directly from the suspect at his residence is tantamount to an assertion of visual observation by the informer. There is, however, nothing in the affidavit used in this case which would provide a "substantial basis for confirming the credibility of the [unidentified] informant." No information is provided which would enable the magistrate to assess his reliability or trustworthiness. The allegation that he is

a "prudent person" signifies that he is circumspect in the conduct of his affairs, but reveals nothing about his credibility. Thus, the information received from the informer was not sufficient to establish probable cause for the issuance of the search warrant.

Of course, in *Spinelli, supra,* the Supreme Court held that, "If the tip is found inadequate under *Aguilar,* the other allegations which corroborate the information contained in the hearsay report should then be considered." 393 U.S. at 415, 89 S.Ct. at 588. We have done this, and we find the other declarations in the affidavit concerning appellant's reputation and the previous experience of a constable insufficient independent corroboration to overcome the inadequacies related to the informer's credibility. The assertion that appellant had a reputation with the affiant of being a trafficker in illegal whiskey would not, standing alone, establish probable cause. And the Supreme Court has held that this type of statement may not be used "to give additional weight to allegations that would otherwise be insufficient." Spinelli v. United States, 393 U.S. at 418, 89 S.Ct. at 590. The statement concerning the constable's discovery of a cache of whiskey gives no indication when, during the previous four years, this episode occurred. Reliance on this assertion would violate the principle that "probable cause must be determined as of the time the warrant is issued." Schoeneman v. United States, 115 U.S.App.D.C. 110, 317 F.2d 173, 177 (1963).

Since the affidavit was insufficient to establish probable cause, issuance of the warrant was improper and the evidence obtained should have been suppressed. The judgment of the District Court is therefore reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed.