**UNITED STATES of America, Plaintiff,**

v.

**Gayle A. VAN ERT, Defendant.**

**Crim. No. 69–CR–175.**

United States District Court, E. D. Wisconsin.

Dec. 6, 1972.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Milwaukee, Wis., for defendant.

OPINION AND ORDER

REYNOLDS, District Judge.

Gayle A. Van Ert is under indictment for violating §§ 2113(a) and (d) of Title 18 U.S.C. The defendant has brought a motion to suppress evidence seized as a result of the execution of a search warrant on December 4, 1969, based on information from observations made on October 10, 1969.

I have concluded that the defendant's motion to suppress must be granted because under the law the information

presented to the United States Commissioner was too remote in time, and the affidavit in support of the application included no information from which the commissioner could reasonably find probable cause at the time that he issued the search warrant.

The facts are as follows: On December 4, 1969, a special agent from the Federal Bureau of Investigation executed an affidavit in support of an application for a search warrant for the premises at 241 North 59th Street, Milwaukee, Wisconsin. The affidavit contained information received by the FBI on October 18, 1969, based mainly on observations made by James Stanley Snedeker and Pam S. Nivens on October 10, 1969.

The affidavit stated that Snedeker admitted to robbing a Savings and Loan Association on October 10, 1969, and claimed that Van Ert had cased the office for him. On that same day, Snedeker, at 241 North 59th Street, gave Van Ert part of the money from the robbery, and observed burglary tools in a golf bag in a closet off the hallway, and radio equipment and $25,000 in a bedroom. The affidavit further stated that Van Ert told Snedeker that the monies were from various burglaries that Van Ert had committed. The affidavit of December 4, 1969, was predicated on information as of October 10, 1969, and there is no indication in the affidavit as to the current status of the premises to be searched or why the warrant was not executed before that time.

■ Rule 41(c) of the Federal Rules of Criminal Procedure states that "If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant * * *." Probable cause must be established solely by the contents of the affidavit. United States v. Roth, 391 F.2d 507, 509 (7th Cir. 1967).

Many cases have held that the affidavit for a search warrant must contain information from which the commissioner can reasonably conclude that there is probable cause that the property sought is presently on the premises to be searched. In Sgro v. United States, 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932), the United States Supreme Court stated that " * * * it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."

■ Although it is the commissioner's duty to determine if there is probable cause to issue a search warrant because the commissioner's decision is made solely from the information in the affidavits, " * * * a court is not relieved from making its own judgment as to whether the affidavits provide a 'substantial basis for him to conclude that [the evidence was] probably present in the [home].' * * *" Schoeneman v. United States, 115 U.S.App.D.C. 110, 317 F.2d 173, 176 (1963).

■ A 55-day period as we have here between observations on which the search warrant for movable personal property and the application for the warrant, without being updated or without an explanation for the delay, automatically precludes a finding of probable cause. Courts have found exceptions to the time rule but none apply in this case. In United States v. Guinn, 454 F.2d 29, 36 (5th Cir. 1972), the court found probable cause for a search warrant even though the observation upon which the affidavit was based was made over seven months before the application for the warrant. The search was for the purpose of taking photographs of the vehicle identification number of a trailer used for traveling in interstate commerce with intent to carry on gambling. The court stated its reasons for deciding that the search warrant was validly issued as follows:

"The identification number is permanently affixed to the trailer. The fact that the trailer was still located at the location to be searched, a fact attested to in the present tense by the affiant, meant that the serial num-

ber was presently there. The situation would be different had the search revealed movable gambling paraphernalia about which no recent information was contained in the affidavit. * * *. Also, the affidavit contained information about a course of conduct extending over a twelve month period culminating in a raid which yielded gambling paraphernalia. This history was relevant to the magistrate in assessing probable cause."

Reasonable inferences drawn from the affidavit have been used to find probable cause. In Coyne v. Watson, 282 F.Supp. 235, 238 (S.D.Ohio 1967), the court concluded that the statement " 'that there is urgent necessity that said premises be searched in the night, to prevent said things from being concealed or removed so as not to be found'" showed " * * * on its face that the information received by the officer was recently contemporaneous and was to the effect that the machine gun was 'now' in the possession of Coyne on the described premises."

In Rider v. United States, 355 F.2d 192, 193 (5th Cir. 1966), the court found that because the observations stated in the affidavit were " * * * narrated in the present tense, that some time lapse between the observations and the making of the affidavit is inevitable, and that the property sought included the semipermanent structure of the distillery, * * * the Commissioner in issuing the search warrant could have reasonably concluded that the distillery was at the time on the premises."

The affidavit in question contains no circumstances, either stated or implied, which could lead the commissioner to conclude there was probable cause for the search when the application was made. None of the statements speak of any relevant conduct or observations occurring after October 10, 1969. Even though it may be reasonable to conclude that the tools were used in a course of conduct continuing over a period of time from the statement in the affidavit that "James Snedeker further advised that Van Ert told him that these monies were the proceeds of various burglaries that Van Ert had committed * * *.", there is nothing in the affidavit in support of the search warrant to justify or the conclusion that the items sought were stored, as a continuing practice, at 241 North 59th Street. All of the items to be seized are portable and easily moved.

It is therefore ordered that defendant's motion to suppress be and it hereby is granted.