**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Herman P. UNGER, Jr., Defendant-
Appellant.**

**No. 72–1149.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 17, 1972.

Decided Nov. 28, 1972.

Rehearing Denied Jan. 2, 1973.

---

Harry J. Busch, Patrick A. Tuite, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge and GRANT, District Judge.*

DUFFY, Senior Circuit Judge.

Defendant-appellant is a licensed firearm dealer. He was tried before the court on a three-count indictment charging possession of unregistered firearms in two counts and a failure to keep registration records in the third count. Defendant was found guilty of the possession charge in Count-I [1] and was fined $500. Defendant appeals.

On December 20, 1970, pursuant to a search warrant, Chicago police detective Vollick and several other City police officers went to defendant's apartment located in Chicago, Illinois. Defendant Unger was present when the officers arrived and led the officers to the base-

---

* Chief Judge Robert A. Grant of the U. S. District Court for the Northern District of Indiana is sitting by designation.

1. Predicated on a statutory violation of 26 U.S.C. § 5861(d).

ment of his apartment. A number of weapons were discovered in a basement locker including machine guns, rifles, pistols, hand grenade casings, black powder, fuse assembly kits for hand grenades and M-2 conversion kits.

Daniel Harnett, a U. S. Treasury agent, testified that he heard an Assistant State's Attorney warn defendant of his constitutional rights. Later, when defendant was asked whether the M-2 conversion kits were registered defendant replied, "No, you've got me there".

At the trial, defendant moved for a judgment of acquittal without tendering any witnesses after the government had presented their evidence. The basis for this appeal is that the trial court erred in denying defendant's pre-trial motion to quash the search warrant. Therefore, questions concerning the constitutional requirements for obtaining a state search warrant are now before us.

The complaint for the warrant alleged that a private citizen, while working at his occupation, had occasion to be in the basement of an apartment building located on North Ashland Avenue, Chicago. In the course of his work, he observed an enclosed locker in the southeast corner of the basement. There was a small opening in the locker through which a cache of weapons was visible.

The citizen called the police, and based upon his experience with weapons gained while in the Ordnance section of the United States Army, he described the firearms and materials with particularity.

Thereafter, the citizen personally identified the building in question to the police and drew a diagram of the basement disclosing the exact location of the locker where the weapons were stored.

Based upon this information, Detective Vollick, the complainant in the warrant, applied to a magistrate and obtained a search warrant to search the locker and seize the specific weapons which had been described to him by the citizen.[2]

Defendant contends on appeal that the District Court improperly denied his motion to suppress the evidence and material listed in the indictment after he attempted to indicate the insufficiency of the complaint for the search warrant. In support of his argument, defendant alleges under the guidelines of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1967) that the complaint for the search warrant herein was insufficient to provide "a neutral and detached magistrate" [3] with the requisite probable cause basis for the war-

2. The complaint for the warrant provided in pertinent part:
" . . . [C]omplainant . . . requests the issuance of a search warrant to search (the person of Herman Unger and locker in basement at 5424 and 26 N. Ashland, Chicago, Ill., location of locker S/E corner of basement, and seize the following instruments, articles and things: a cache of weapons including machine guns, machine guns with tripods, a rocket launcher, automatic and semi-automatic rifles, and ammunition for the above weapons, which have been used in the commission of, or which constitute evidence of the offense of Unlawful Use of Weapons and Failure to Register.
Complainant says that he has probable cause to believe, based on the following facts, that the above listed things to be seized are now located upon the (person and) premises set forth above: The complainant, [is] a police officer for the

City of Chicago, presently assigned to Robbery Investigations . . . The officer was contacted by a citizen, who had occasion to be in the basement located at 5424 & 26 North Ashland while working at his occupation, saw in an enclosed locker in that basement, location of locker southeast corner of basement, with mostly 2 x 4 lumber used in its construction, and observed a cache of weapons and ammunition. This was observed thru a small opening of that locker. The citizen, being familiar with weapons having served in the United States Army, and working in Ordnance while he was in the service, knew what the weapons were. The building was pointed out by the citizen and a diagram, showing the location of the locker in the basement, was made out by the citizen and given to the reporting Investigator.

3. Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

rant to issue and furthermore, the complainant failed to allege or make a showing with respect to the reliability of the unidentified citizen-informant providing the police officer with the pertinent information.

■ Even if the decision of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) which gives great deference to a magistrate's determination of probable cause is ignored, we are convinced the complaint for warrant was factually sufficient to form a probable cause basis for the warrant to issue. The locker containing the arms and the distinct varieties of arms viewed by the citizen were described with great particularity evincing personal observation. Furthermore, with knowledge of weapons gleaned from the Armed Forces, the citizen was able to list the types of weapons he witnessed inside the locker for police, believing them to be illegally stored or possessed.

■ We turn to the question raised by defendant of the omission of an allegation in the complaint for the warrant concerning the reliability of the informant, which defendant considers fatal to the validity of said warrant.

The exactions of the complaint for a search warrant under the Fourth Amendment are propounded by the Supreme Court in *Aguilar, supra,* and later considered in *Spinelli, supra.* Under *Aguilar, supra,* a complaint when based solely on hearsay information from an unidentified informant must recite ". . . some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable'." (378 U.S. at 114, 84 S.Ct. at 1514)

With these stringent requirements as precedent, the Supreme Court considered a reversal of a conviction by the Sixth Circuit where the question concerned the sufficiency of an affidavit upon which a warrant had issued, United States v. Harris, 412 F.2d 796 (6 Cir., 1969). Although the Sixth Circuit determined that the first prong of the Aguilar test had been satisfied, Harris' conviction was reversed in that the affidavit for the warrant did not contain a basis for establishing the informant's credibility. The Supreme Court then reversed the holding of the Sixth Circuit, (403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723), finding that the affidavit in question contained an "ample factual basis for believing the informant which, when coupled with affiant's own knowledge of the respondent's background, afforded a basis upon which a magistrate could reasonably issue a warrant." (403 U.S. 579–580, 91 S.Ct. 2080).

Thus, while adhering in general to the *Aguilar, supra,* decision, the Supreme Court clearly indicated the burden of satisfying the so-called second prong of *Aguilar* was not as stringent as *Spinelli* had indicated. The Supreme Court suggested a more flexible approach to examine probable cause affidavits.

In the case at bar, obvious from the face of the complaint is the fact that the *Aguilar* requirement of an allegation of reliability has been omitted from the wording of the complaint, thereby failing to explicitly attest to the veracity of the informant. Nonetheless, the wording of the complaint sets forth with specificity the facts and circumstances which lend credence to belief that a crime was being committed or criminal activity was evidenced from personal observation. See *Spinelli, supra,* 393 U.S. at 416, 89 S.Ct. 584. The question then must be asked whether "the internal content of the affidavit intrinsically proves the truth of the . . . citizen's word." United States v. Roman, 451 F.2d 579, 581 (4 Cir., 1971), and whether this is sufficient to satisfy the reliability standard of *Aguilar.*

From the face of the complaint, evident is the fact that the citizen was familiar with the premises in question and was possessed with intimate knowledge of the exact location and contents of the locker in question. The allegations of the complainant are not self-

serving nor does it appear that the accusations by the citizen were reported to the police merely to spite defendant Unger.[4] The Complaint emphasizes the very circumstances from which the magistrate herein could determine that the information given by the citizen was "credible" or the informant was "reliable".

We are of the opinion that the reliability of the citizen's tip is further underwritten by his knowledge of the weapons viewed in the locker and the specificity with which he reported its contents to the police. In addition the citizen pointed out the house where the weapons were stored thereby leaving no chance for error when the search was effected. He also penned a detailed map of the premises indicating the exact location and description of the basement locker. With the apartment building identified to him and with the aforementioned quantum of information in his possession, Detective Vollick applied for the search warrant in question. Furthermore, a police officer's own knowledge of the potential or actual crime and the corroborating evidence of the informant's tip within his knowledge, must be considered as well as his own assessment of the reliability of his source of information. United States v. Harris, *supra*.

■ We recognize that the opinion of the police officer or agent applying for the warrant as to the reliability of the citizen informant is alone insufficient for the issuance of a warrant without allegations thereto in the complaint. But here, the information supplied in the complaint attested to its own integrity by the specificity with which it was stated attesting to an independent reliability and when coupled with the officer's corroboration of the location of the apartment building and his occasion to question the citizen, reliability was established under United States v. Harris, *supra*.

We therefore hold the complaint for the warrant herein was sufficient under the guidelines of *Aguilar* and *Spinelli* as interpreted by *Harris* and the motion to suppress was properly denied by the District Court.

■ The defendant raises one further attack on the sufficiency of the warrant on appeal; that the complaint does not indicate on its face that the information supplied by the citizen was timely.

We agree with the statement of the government that the weapons which had been observed complete with appropriate ammunition had a devastating destructive capacity; that the citizen informant who was familiar with weapons by virtue of his military experience would be likely to act upon his discovery with a degree of immediacy.

Furthermore, the complaint for the warrant in the case at bar includes rhetoric which would indicate that the included events and observations had occurred recently, which is significant when determining whether probable cause existed at the time the warrant issued. The complaint stated that the officer "has probable cause to believe" that the items to be seized "are now located" at the place in question. We believe the recitation of these facts in

---

4. Various federal and state courts have distinguished the government informant considered in *Aguilar* and *Spinelli* from the eyewitness, victim of a crime or a citizen who provides information of a crime. These courts while not overruling the guidelines of *Aguilar*, have dispensed with specific allegations of reliability or past reliable contact with the informant, and inferred that reliability may be deduced from the content of the complaint. The rationale of these holdings is that the concomitant danger of self-interest does not inure to a victim or witness to a crime as easily as it would to a government informant. See Brown v. United States, 125 U.S.App. D.C. 43, 365 F.2d 976 (1966); Young v. United States, 140 U.S.App.D.C. 333, 435 F.2d 405 (1970); United States v. James, 147 U.S.App.D.C. 43, 452 F.2d 1375 (1971); United States v. Roman, *supra*; People v. Hoffman, 45 Ill.2d 221, 258 N.E.2d 326 (1970).

the present tense[5] as well as the potential for harm which would inspire expedient disclosure to authorities attest to the timeliness of the complaint for the warrant. Cf. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932).

It is our view that the warrant in this case was properly issued and that the evidence seized pursuant to the warrant was properly admitted in the trial.

The judgment of conviction is

Affirmed.

5. See United States v. Conti, 361 F.2d 153, 156 (2 Cir. 1966) (". . . the use of the present tense" indicates that information was supplied close to the time of the affidavit); Rider v. United States, 355 F.2d 192 (5 Cir., 1966); United States v. Slapo, 285 F.Supp. 513 (S.D. N.Y.1963).