**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Howard Lee BROOKSHIRE,
Defendant-Appellant.**

**No. 74–1509.**

United States Court of Appeals,
Tenth Circuit.

Argued March 27, 1975.

Decided April 28, 1975.
Rehearing Denied May 15, 1975.

Robert D. McDonald, Asst. U. S. Atty. (Richard A. Pyle, U. S. Atty. on the brief), for plaintiff-appellee.

Andrew Wilcoxen, of Wilcoxen, Lunn, Mayes & Cate, Muskogee, Okl., for defendant-appellant.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The one-count indictment charged defendant-appellant Brookshire with misapplication of bank funds in violation of 18 U.S.C. § 656. The jury found him guilty. He appeals from the sentence imposing a fine of $2,000.

Defendant was president of the First Bank in Atoka, Atoka, Oklahoma. Its deposits are insured by the Federal Deposit Insurance Corporation. Defendant needed to borrow $30,000 for a personal business venture with Calfee, a customer of the Atoka bank and of the Grayson County State Bank of Sherman, Texas. On December 29, 1970, the Grayson bank loaned defendant $30,000 at 6¾% interest on his unsecured personal note. A day or two later at the direction of defendant the cashier of the Atoka bank caused a $30,000 deposit to be made in the Grayson bank for the account of the Atoka bank. This was done by the transfer of that amount from the Republic National Bank of Dallas, Texas, an authorized reserve depository for the Atoka bank. The Grayson bank was not an authorized depository for the Atoka bank.

The Atoka account in the Grayson bank bore no interest and was inactive for about six months. In June, 1971, the president of the Grayson bank told defendant that Atoka should "make use of the account." Grayson then became an authorized reserve bank for Atoka and a few transactions went through the account before it was closed out in October, 1971. Defendant's note to Grayson was paid in full about three weeks before the closing of the Atoka account in Grayson.

The opening of the account in the Grayson bank was not authorized by the Atoka directors. In December, 1970, the reserve requirement of the Atoka bank

was $245,000 and it had $752,000 deposited in authorized reserve banks. The president of Grayson testified that the bank made unsecured personal loans at interest rates from 6¾% to 9% "depending on the circumstances." He also said that defendant received "a favorable rate or treatment" because of the banker-to-banker relationship.

Testifying in his own defense defendant admitted that he borrowed $30,000 from the Grayson bank; said that the Atoka deposit in the Grayson bank was not a condition of the loan to him; and asserted that the Atoka bank sustained no loss by reason of the deposit in the Grayson bank. On cross-examination he admitted the conversation with the president of the Grayson bank relative to the use of the account.

The pertinent provisions of 18 U.S.C. § 656 are:

> "Whoever, being an officer * * * of * * * any * * * insured bank * * * wilfully misapplies any of the moneys, funds or credits of such bank * * * shall be fined * * * or imprisoned * * *."

"Insured bank" is defined as "any bank * * * the deposits of which are insured by the Federal Deposit Insurance Corporation." Ibid.

The indictment charges that defendant, president of the Atoka bank, knowingly and wilfully misapplied $30,000 "of the monies, funds, and credits" of the bank in that he as president used his power and authority to place $30,000 of the bank's funds in a non-interest bearing account in the Grayson bank thereby causing the Atoka bank "to lose the use, control, and interest from said deposit to [its] detriment" and "converting the use of said monies to his own benefit" in that he obtained a loan of $30,000 from the Grayson bank "at preferential terms."

■ Defendant argues that § 656 is unconstitutionally vague / and uncertain because the phrase "wilfully misapplies" does not provide an ascertainable standard. We have held to the contrary. United States v. Cooper, 10 Cir., 464 F.2d 648, 652–653, cert. denied 409 U.S. 1107, 93 S.Ct. 901, 34 L.Ed.2d 688.

■ Defendant's attack on the indictment does not impress us. The sufficiency of a § 656 indictment was discussed in United States v. Archambault, 10 Cir., 441 F.2d 281, 282–283. The indictment in question meets the tests there stated. It is in the words of the statute and adequately informs defendant of the charge against him. The indictment here charges conversion. The court instructed the jury on conversion and said that it was an included element in "wilfully misapplies." Intent to convert is for determination by the jury. See United States v. Acree, 10 Cir., 466 F.2d 1114, 1117, cert. denied 410 U.S. 913, 93 S.Ct. 962, 35 L.Ed.2d 278.

The issue is whether the use of an interbank deposit as a compensating balance for a loan to the president of the depositing bank is a wilfull misapplication in violation of § 656. This question has apparently never been answered by an appellate court.

Banking Circular No. 31 issued by the Comptroller of the Currency on October 22, 1970, refers to the practice as "fairly widespread, particularly in certain areas of the country," and says that it "might in certain situations warrant prosecutive action." The circular was not introduced in evidence. A government witness said that he knew of official inquiries of "correspondent bank relationships where there were Officer loans involved." A defense witness said that defendant's transaction with the Grayson bank is "a normal and customary thing for bankers to do," and that "bankers do get a little bit of a break or a preferred rate from another banker."

■ Defendant's claim of denial of equal protection is frivolous. His basic complaint is that he has been wrongfully singled out to test government theories as to the scope of § 656. The statute makes no invidious discrimination as that considered in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220, or in the racial discrimination cases. Selective enforcement is not in itself a federal

constitutional violation. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446; see also Sanders v. Waters, 10 Cir., 199 F.2d 317, 318, cert. denied 342 U.S. 929, 72 S.Ct. 370, 96 L.Ed. 692.

Defendant says that the indictment creates a new offense. In the words of § 656 it charges that defendant did "wilfully misapply." Section 656 was enacted in its present form in 1948. See 62 Stat. 729. The phrase "wilfully misapplies" goes back to a 1934 revision of the Federal Reserve Act. See 48 Stat. 1107. The statutory prohibition is old.

■ Defendant's lament is that the statute has not been used to prosecute others for the actions which are here admitted. If the conduct is proscribed by § 656, the prosecution is within the ambit of the congressional authorization. The record does not show a general banking practice to use interbank deposits as compensating balances for personal loans to officers of the depositing bank. Even if it did, custom and usage involving criminality do not defeat a prosecution for violation of a federal criminal statute. Burnett v. United States, 6 Cir., 222 F.2d 426, 427, and Smith v. United States, 9 Cir., 188 F.2d 969, 970.

Defendant says that it is against public policy of the United States to regulate private business by criminal prosecutions. We are concerned with control of private business by provision for criminal sanctions against certain conduct. The antitrust laws are a prime example of the use of criminal statutes in the business field. We are not concerned with regulation but rather with a prosecution for violation of a criminal statute.

United States v. Insco, 5 Cir., 496 F.2d 204, furnishes no comfort to defendant. That was a prosecution under 18 U.S.C. § 612 charging the use in a federal election of bumper stickers which did not contain the statutorily-prescribed attribution clause. Ibid. at 205. The court noted a universal and open practice during the 29-year life of the statute to use the stickers without identification statements. Ibid. at 208. It said that it was concerned with "extraordinary facts, unlikely of repetition in other contexts,"

and that it did not imply that a statute can lie dormant "only on pain of, in effect, immunizing proscribed conduct until such time as the statute has been judicially resuscitated." Ibid. at 209. The record before us contains no proof of any open and constant practice by bankers to secure favors through a compensating deposit. The claim that the government acted in bad faith in the prosecution of defendant has no support in the record.

Clark v. United Bank of Denver National Association, 10 Cir., 480 F.2d 235, cert. denied 414 U.S. 1004, 94 S.Ct. 360, 38 L.Ed.2d 240, is not in point. That civil action asserted claims under the Securities Exchange Act and the antitrust statutes. Plaintiffs sought to borrow from one bank to purchase stock in another bank. The unsuccessful borrowers promised that the bank to be purchased would maintain an interest-free deposit in the lending bank. One claim was that the plan contemplated a tying arrangement prohibited by the Sherman Act. The loan was never made and the deposit agreement did not become effective. In the case at bar we have a deposit made practically contemporaneously with a loan to the president of the depositing bank.

■ With the underbrush cut away, we are left with the problem of whether defendant by his conduct wilfully misapplied the moneys, funds, and credits of the Atoka bank. The jury found, and the evidence shows, that the acts of defendant were wilfull. The record sustains a finding of preferential treatment. The favorable interest rate was given a day before defendant, without authorization from the bank's board of directors, caused the deposit in the Grayson bank of $30,000 of the Atoka bank's funds, the same amount as his loan. The money was transferred from an authorized depository to an unauthorized depository. The Grayson bank paid no interest on the deposit. Indeed, the account was inactive until a Grayson bank officer told defendant that activity in the account was desirable. The account was withdrawn from the Grayson bank about

three weeks after defendant paid his loan. The claim that the bank sustained no loss was specifically rejected as a defense in United States v. Acree, 10 Cir., 466 F.2d at 1117–1118, and we adhere to that decision.

■ The indictment charged that defendant wilfully misapplied Atoka funds by the non-interest bearing deposit in Grayson and conversion of the funds so deposited to his own use in obtaining a preferential loan. The jury was properly instructed on conversion. To convict, the jury necessarily found the requisite intent. The evidence sustains that finding and is binding on us. The argument that circumstantial evidence needed to support a guilty verdict must exclude every other reasonable hypothesis and must negative all possibilities except guilt has been rejected in the Tenth Circuit. See United States v. Jackson, 10 Cir., 482 F.2d 1167, 1173, cert. denied 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 and cases there cited.

On the record presented we are convinced that defendant wilfully misapplied the funds of the Atoka bank to obtain a personal favor. If, as defendant says, this practice is the usual way in which bankers do business, those who engage in it must suffer the penalty which the law constitutionally provides.

Affirmed.