COMMONWEALTH *vs.* RUFUS L. DILL.

Suffolk.   November 27, 1893. — February 28, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Sodomy — Indictment — Statute.*

An indictment under St. 1887, c. 436, alleging that the defendant at a time and
place named "did unlawfully and feloniously commit a certain unnatural and
lascivious act" with a person named, is sufficient.

ALLEN, J.   This is an indictment under St. 1887, c. 436, in
two counts, each count charging that the defendant at a time
and place named "did unlawfully and feloniously commit a cer-
tain unnatural and lascivious act" with a person therein named,
thus following the language of the statute, without further
description.   Section 2 of the statute provides that "in any
complaint or indictment under this act it shall not be necessary
to allege a description of the act charged to have been com-
mitted, but it shall be sufficient to allege that the defendant
committed an unnatural and lascivious act with the person named
or referred to in the complaint or indictment, but the Superior
Court in any such prosecution, upon motion of the defendant or
his counsel, shall order the district attorney to furnish him with
specifications of the act charged."

The defendant objects that, irrespectively of § 2, the indict-
ment is insufficient, and that § 2 is in violation of Article 12 of
the Declaration of Rights.

We think the indictment sufficient without reference to § 2
of the statute.   Before this statute, sodomy had long been known
and designated as a crime against nature.   St. 1804, c. 133, § 1.
Rev. Sts. c. 130, § 14.   Gen. Sts. c. 165, § 18.   Pub. Sts. c. 207,
§ 18.   But in conformity with the decision in *Rex* v. *Jacobs*,
Russ. & Ry. 331, and the doctrine of the text-books, (see 2 Bish.
Crim. Law, (8th ed.) § 1191; 1 Russ. Crimes, (7th Am. ed.) 700,)
and the description of the offence given in an early statute, St.
1784, c. 46, the Legislature may have thought the offence made
punishable by Pub. Sts. c. 207, § 18, limited to a particular

mode of unnatural copulation; and by St. 1887, c. 436, the Legislature apparently intended to include and punish any mode of unnatural copulation not coming within the definition of sodomy as usually understood. The adjectives limit the offence to some mode of unnatural copulation, and a charge in the words of the statute is sufficient to set it forth. *Commonwealth* v. *Ashton*, 125 Mass. 384: *Commonwealth* v. *Malloy*, 119 Mass. 347. *Commonwealth* v. *Barrett*, 108 Mass. 302. *State* v. *Williams*, 34 La. An. 87.

If there were any doubt upon the foregoing point, § 2 of the statute makes the indictment sufficient. We postpone to some future time a consideration of the question how far the Legislature may go in simplifying indictments. *Commonwealth* v. *Freelove*, 150 Mass. 66. Many statutes to this end have been passed, some of which may be cited. St. 1834, c. 186, § 2; Rev. Sts. c. 133, § 10; Gen. Sts. c. 161, § 42; as to embezzlements, held valid in *Commonwealth* v. *Bennett*, 118 Mass. 443. Rev. Sts. c. 127, § 14; Gen. Sts. c. 162, § 13; as to averment of intent to defraud, held valid in *Commonwealth* v. *Butterick*, 100 Mass. 12, 17. Rev. Sts. c. 128, § 25, as to administering unauthorized oaths. Rev. Sts. c. 133, § 11; Gen. Sts. c. 172, § 12; Pub. Sts. c. 214, § 14; as to averring ownership of property stolen, often recognized as valid. See cases cited in Crocker's Notes on Pub. Sts. c. 214, § 14; Rev. Sts. c. 133, § 7; Gen. Sts. c. 171, § 17, as to offences committed near the boundary lines of counties. Gen. Sts. c. 160, § 6, as to averment of murder, held valid in *Green* v. *Commonwealth*, 12 Allen, 155, 170. See also Gen. Sts. c. 161, § 20; c. 168, § 2; c. 172, § 19; St. 1864, c. 250, § 1; *Commonwealth* v. *Hall*, 97 Mass. 570; *Commonwealth* v. *Walton*, 11 Allen, 238. Some force is to be given to an enactment that a particular form shall be sufficient, and the statute is available in the present case for that purpose. If there is any uncertainty in the mind of a defendant as to the particular act with which he is charged, he may apply for specifications, and the statute makes it the duty of the court to pass an order accordingly. Such specifications, especially when made by statute a matter of legal right, may be considered in determining whether the offence has been sufficiently described, in conformity to the Declaration of Rights, Art. 12. *Commonwealth* v. *Bennett*, 118

Mass. 443.  *Frost's case,* 127 Mass. 550, 554.  *Stockwell* v. *Sillo-way,* 100 Mass. 287, 295.  *Commonwealth* v. *Pray,* 13 Pick. 359, 363.  See also Whart. Crim. Pl. & Pr. (9th ed.) §§ 702–705.

*Judgment on the verdict.*

*J. E. Bates,* for the defendant.

*F. E. Hurd,* First Assistant District Attorney, for the Commonwealth.