COMMONWEALTH *vs.* NEAL E. DESCHAMPS.

Suffolk.    November 13, 1972. — December 29, 1972.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Evidence,* Other offence, Relevancy and materiality, Admissions and confessions, Judicial discretion. *Constitutional Law,* Due process of law. *Unnatural and Lascivious Act. Statute,* Validity.

At the trial of indictments for rape and unnatural and lascivious acts, there was no prejudicial error in the admission in evidence of statements to the victim by the defendant immediately after the crimes which were explanatory of his conduct and indicative that his acts were not performed with her consent, and any conceivable prejudice by reason of references to bad character and prior misconduct in the statements was eliminated by the judge by instructions clearly limiting the jury's consideration of the statements to their weight as admissions in the course of an apology. [2-4]

G. L. c. 272, § 35, punishing the commission of an "unnatural and lascivious act with another person" does not violate art. 12 of the Declaration of Rights of the Massachusetts Constitution or the due process clause of the Fourteenth Amendment to the Federal Constitution on the ground that it is impermissibly vague and indefinite. [4-5]

INDICTMENTS found and returned in the Superior Court on June 14, 1971.

A motion to dismiss was heard by *Taveira,* J., and the cases were tried before him.

*Robert V. Greco* for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.   The defendant was convicted after a jury trial held under G. L. c. 278, §§ 33A-33G, on two separate indictments, one charging him with rape and the other with unnatural and lascivious acts. The defendant relies on two assignments of error. He first assigns as error the trial court's admission in evidence of a certain statement attributed to him containing language which might be construed as showing that he had previously been institutionalized for the commission of a crime.

The jury could have found from the evidence that the defendant enticed the victim to his apartment in the afternoon of April 27, 1971 and while there forced the victim to engage twice in sexual intercourse and also forced her to commit an act of fellatio and submit to an act of cunnilingus. All of these acts were against the will and over the protestations of the victim.

When these acts were concluded, the defendant talked to the victim. The victim's testimony as to what was said, which was admitted by the trial judge over the objection and subject to the exception of the defendant, is as follows: "And he took my hand and led me to the kitchen and started to make coffee and sat down and started to tell me his troubles and his problems and why he did things like that and was showing me the scars that he had on his head and telling me that he liked to be beaten . . . and that he had all his life spent most of his life in reform homes, that he had been in homes most of his life — and just things like he'd never had many friends and his mother left him when he was little and that he had been molested when he was seven years old by a man." Later that evening the defendant admitted to the police tha he had had sexual relations with the victim but said that they had been with her consent.

The defendant contends that the statement quoted above should not have been admitted in evidence, asserting that whatever relevance it had was outweighed by its prejudicial reference to bad character and prior misconduct.

The test of the admissibility of such evidence is estab-

lished under the rule "that evidence of other offenses is admissible when substantially relevant to the offense charged; inadmissible when its relevance is insignificant; and, in borderline cases, admissible when its relevance outweighs the undue prejudice that may flow from it, but otherwise inadmissible." *Harper* v. *United States,* 239 F. 2d 945, 946 (D. C. Cir.). *Bradley* v. *United States,* 433 F. 2d 1113, 1119 (D. C. Cir.). *Commonwealth* v. *Blow,* 362 Mass. 196, 201.

The defendant alleges that the trial judge misconceived the balancing task he had before him and that the admission of this statement constituted prejudicial error. We do not agree.

The trial judge must be accorded a broad area of discretion in passing upon admissibility of evidence tending to prove commission of other crimes. *Commonwealth* v. *Burke,* 339 Mass. 521, 534. The basis for admission is but an application of the principle "that, where a circumstance is relevant for some purpose, the incidental revelation, in offering it, of other criminal conduct by a defendant does not stand in the way of receiving the evidence." Wigmore, Evidence § 416 (3d ed. 1940). The relevancy of proffered evidence depends upon whether it tends to prove some issue in the cause on trial. *Commonwealth* v. *Durkin,* 257 Mass. 426, 427. Within the context of relevancy is the admission which, in a criminal case, is a statement by the accused, direct or implied, of facts pertinent to the issue. *Commonwealth* v. *Bonomi,* 335 Mass. 327, 347, and cases cited.

This statement, being relevant and otherwise material, was not rendered inadmissible simply because it might have had some tendency to indicate that the defendant might in the past have committed some other undisclosed offense. *Commonwealth* v. *Redmond,* 357 Mass. 333, 338.

Under the indictment charging rape, the Commonwealth had the burden of proving beyond a reasonable doubt that the acts alleged to have occurred were against the will of the victim and not with her consent. The statement admitted over the objection of the defendant had probative value on

this issue. The jury would be warranted in finding that this statement was an apology for his acts. The jury could infer from it an admission by the defendant that the acts were not performed with the consent of the victim as claimed by the defendant.

The defendant was protected from any conceivable prejudice by the judge's charge to the jury. The judge specifically referred to this testimony in his charge. He clearly and correctly instructed the jury that the fact that a defendant may have spent some time in an institution "is not evidence he committed the offense with which he is now charged." He limited the jury's consideration of this evidence, if they should adopt it as true, to such weight as it might have as an admission in the course of an apology. He went on to define and explain admissions and the use of admissions in their consideration of this case. No exception was taken to this part of the judge's charge. See *Commonwealth* v. *Capalbo,* 308 Mass. 376, 382. We must assume that the jury followed such instruction. *Commonwealth* v. *Rondoni,* 333 Mass. 384, 386.

The only other assignment of error which has been briefed and argued is the denial of defendant's pre-trial motion to dismiss the indictment for unnatural and lascivious acts, which was brought under G. L. c. 272, § 35, and is in the form provided in G. L. c. 277, § 79, on the grounds that that section of the statute is impermissibly vague and indefinite and that to charge the defendant under that section was a violation of his rights under art. 12 of the Declaration of Rights of the Massachusetts Constitution and under the due process clause of the Fourteenth Amendment to the Constitution of the United States. General Laws c. 272, § 35, provides in part: "Whoever commits any unnatural and lascivious act with another person shall be punished . . .."

The defendant's contention was disposed of in *Jaquith* v. *Commonwealth,* 331 Mass. 439, 442. Counsel has not called our attention to any authority, nor have we found any, which would cause us to believe that the decision in the

*Jaquith* case has been eroded. There was no error in the denial of the defendant's motion to dismiss.

Other errors assigned by the defendant, not having been briefed or argued, we treat as waived.

*Judgments affirmed.*