COMMONWEALTH *vs.* ANTHONY VICTOR.

Hampden.    April 13, 1973. — December 12, 1973.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Search and Seizure.   Probable Cause.*

Probable cause for issuance of a search warrant in a gaming violations case was shown by a police officer's affidavit containing statements of observations by an informant, said to be reliable and honest, of activities of the defendant in the case in going to and from, and on, certain premises, of the turning over to the police of a certain notebook said by the informant to belong to the defendant, of police surveillance of such premises, and of a prior conviction of the defendant of gaming violations. [601-602]

INDICTMENTS found and returned in the Superior Court on May 15, 1969.

A pre-trial motion to suppress was heard by *Noonan, J.*

*William K. Danaher, Jr.,* for the defendant.

*William W. Teahan, Jr.,* Special Assistant District Attorney, *(John J. McDonough,* Special Assistant District Attorney, with him) for the Commonwealth.

ROSE, J.   The defendant was convicted on five indictments for gaming violations. Before trial he moved to suppress certain evidence, arguing that it had been seized under an invalid search warrant. The motion was denied, and the defendant excepted. The only issue before this court is whether the warrant in question was issued without probable cause, in violation of the Fourth Amendment to the United States Constitution.

The warrant application rested exclusively upon information contained in a police officer's affidavit. In the affidavit, the officer relied heavily on information supplied by an informant described only as a local resident known to him to be reliable and honest. The informant claimed to have seen the defendant take wagers over the telephone in a house and attached gas station at 2030 Boston Road in Wilbraham belonging to the defendant's father. He also told of having seen other persons place bets with the defendant on those premises. In support of his accusations, the informant offered a description of the defendant's automobile, the times at which he arrived at and left the premises at 2030 Boston Road, and the number of the telephone which was located there. He also turned over to the police a notebook which he said belonged to the defendant, containing the names and telephone numbers of known gamblers and bookies.

The affidavit included two pieces of information in addition to the informant's story. One was a report based on periodic surveillance of the buildings in question. Although police observed none of the gaming activities or the flow of visitors described by the informant, they did report that the defendant's automobile was regularly parked at 2030 Boston Road between the hours of noon and 3 P.M. Monday through Saturday. At 2:30 P.M. on those days the defendant walked to his automobile carrying a daily newspaper and a cigar box. The defendant's car was never seen parked at 2030 Boston Road on a Sunday, although the gas station located there was open for business that day. The police also called attention to the defendant's prior District Court conviction for gaming violations (he was at that time awaiting a jury trial on those charges).

In determining whether this showing supported a finding of probable cause, "[t]he sufficiency of the affidavit is to be decided on the basis of a consideration of all its allegations as a whole, and not by first dissecting it and then subjecting each resulting fragment to a hypertechnical test of its sufficiency standing alone." *Commonwealth* v. *Stewart,* 358 Mass. 747, 751 (1971). Where, as here, we are called

upon to evaluate the reliability of accusations made by an unnamed informant, we must ask whether there was a "substantial basis" for believing the informant's account. *United States* v. *Harris,* 403 U.S. 573, 580-581 (1971). In this instance, the detailed nature of the informant's observations (see *Spinelli* v. *United States,* 393 U.S. 410, 416 [1969]), considered in light of the unusual nature of the defendant's arrivals and departures from the premises described in the warrant (see *Commonwealth* v. *Moran,* 353 Mass. 166, 170 [1967]; but cf. *Spinelli* v. *United States, supra,* at 414) and the defendant's prior conviction for gambling activities (see *Commonwealth* v. *Stevens,* 362 Mass. 24, 28 [1972]; *United States* v. *Harris, supra,* at 582-583), provided ample grounds for the finding of probable cause necessary to the issuance of the warrant.

*Exceptions overruled.*