COMMONWEALTH *vs.* ROGER M. MAMAY.

Worcester.　　November 15, 1977. — November 30, 1977.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Unnatural Sexual Intercourse.　Words,* "Unnatural sexual intercourse."

The term "unnatural sexual intercourse" as used in G. L. c. 265, § 22A, included the act of penetrating the sexual organs of the victim with the hand or fingers. [709-710]

INDICTMENT found and returned in the Superior Court on March 9, 1977.

---

A motion to dismiss the indictment was heard by *Luby*, J., a District Court judge sitting under statutory authority.

*Francis R. Fecteau*, Assistant District Attorney, for the Commonwealth.

*Thomas X. Cotter* for the defendant.

GRANT, J. The indictment in this case is framed under and tracks the language of G. L. c. 265, § 22A, as appearing in St. 1974, c. 474, § 2, which provides: "Whoever has sexual intercourse or unnatural sexual intercourse with a child under sixteen, and compels said child to submit by force and against his will or compels said child to submit by threat of bodily injury, shall be punished by imprisonment ... for life or for any term of years; and whoever over the age of eighteen commits a second or subsequent such offense shall be sentenced to the state prison for life or for any term of years, but not less than five years." The indictment specifically charges the defendant with having had "unnatural sexual intercourse" with a named person.

The defendant moved (a) for particulars as to the "specific act relied upon by the Commonwealth to support the allegation set forth" in the indictment and (b) to dismiss the indictment on the ground that it "fails to set forth an offense cognizable under the laws of the Commonwealth ...."[1] The motion for particulars was allowed, and the Commonwealth responded that the defendant had "forcefully and unlawfully penetrated the sexual organs of the victim, a female child, by means of his hand and/or fingers." Following the filing of that response a District Court judge, sitting in the Superior Court under statutory authority, allowed the motion to dismiss. The Commonwealth appealed. G. L. c. 278, § 28E, as amended by St. 1972, c. 740, § 16.

The only argument now advanced by the defendant in support of the motion is that the act charged in the Commonwealth's particulars does not constitute "unnatural

---

[1] This motion also contained two additional grounds, but neither of those grounds is still pressed by the defendant.

sexual intercourse" within the meaning of G. L. c. 265, § 22A. We think the argument is foreclosed by the opinion and decision of the Supreme Judicial Court in *Commonwealth* v. *Gallant*, 373 Mass. 577 (1977), which was issued pending the appeal and following the submission of briefs in this case. In that case the court construed the words "unnatural sexual intercourse" found in G. L. c. 265, § 23, as appearing in St. 1974, c. 474, § 3,[2] to include "intrusions of a part of a person's body . . . into the genital . . . opening of another person's body." 373 Mass. at 584 (1977). It seems clear from footnote 17 of the opinion in that case, 373 Mass. at 590, that a finger is comprehended within the meaning of the words "a part of a person's body" as used in the quoted construction of the words "unnatural sexual intercourse."

As the words "unnatural sexual intercourse" must be given the same meaning in both of G. L. c. 265, §§ 22A and 23, as amended (*Commonwealth* v. *Gonzales, ante,* 705, 707 [1977]), the entry will be

> *Order dismissing indictment reversed.*

---

[2] "Whoever unlawfully has sexual intercourse or unnatural sexual intercourse, and abuses a child under sixteen years of age shall, for the first offense, be punished by imprisonment in the state prison for life or for any term of years, or, except as otherwise provided, for any term in a jail or house of correction, and for the second or subsequent offense by imprisonment in the state prison for life or for any term of years, but not less than five years."