COMMONWEALTH *vs.* FRANCISCO RIVERIA GONZALES.

Middlesex.    November 15, 1977. — November 30, 1977.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Unnatural Sexual Intercourse. Due Process of Law,* Vagueness of statute. *Words,* "Unnatural sexual intercourse."

The term "unnatural sexual intercourse" as used in G. L. c. 265, § 22, was not unconstitutionally vague as applied to a defendant's act of forcing a victim to submit to anal sexual intercourse. [706-707]

There was nothing in the record of a criminal case to suggest any prosecutorial abuse of discretion in proceeding against the defendant, who had committed forced anal intercourse, by prosecuting him under G. L. c. 265, § 22, rather than under c. 272, § 34 or § 35. [707-708]

INDICTMENT found and returned in the Superior Court on June 16, 1976.

The case was tried before *Hallisey,* J.

*Charles M. Grabau* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.

GRANT, J.   Both counts of the indictment in this case are framed under and track the language of G. L. c. 265, § 22, as appearing in St. 1974, c. 474, § 1, which provides: "Whoever has sexual intercourse or unnatural sexual intercourse with a person, and compels such person to submit by force and against his will, or compels such person to submit by threat of bodily injury, shall be punished by imprisonment in the state prison for life or for any term of years." The first count was based on evidence to the effect that the male defendant had forced the female victim to submit to vaginal sexual intercourse; the second count was based on evidence to the effect that the defendant had also forced the same victim to submit to anal sexual intercourse. A jury convicted the defendant on both counts.

The defendant has limited his appeal to the question whether the Superior Court erred in denying his pretrial motion to dismiss the second count of the indictment on the grounds (1) that the words "unnatural sexual intercourse" appearing in said § 22 are unconstitutionally vague and (2) that because of such vagueness § 22 confers an unconstitutional measure of discretion on the prosecution in deciding whether to proceed under that or some other statutory provision.

1. We think the "void for vagueness" point is effectively foreclosed by the opinion and decision of the Supreme Judicial Court in *Commonwealth* v. *Gallant,* 373 Mass. 577 (1977), which was issued pending the appeal and following the submission of briefs in this case. In that case the court, following thorough consideration of the same vagueness arguments as are advanced by the present defendant, held that a male who had caused a female child under the age of sixteen years to perform an act of fellatio on him could be properly convicted under the "unnatural

sexual intercourse" provision of G. L. c. 265, § 23, as appearing in St. 1974, c. 474, § 3.[1] *Id.* at 590. In the course of arriving at that conclusion, the court reasoned that "the definition of 'unnatural sexual intercourse' [in § 23] must be taken to include . . . anal intercourse." *Id.* at 584. See also 373 Mass. at 586-587.

The only question not expressly resolved by the *Gallant* case is whether the Legislature intended that the words "unnatural sexual intercourse" should have the same meaning in both of G. L. c. 265, §§ 22 and 23, as appearing in St. 1974, c. 474, §§ 1 and 3, respectively. We have no doubt as to the answer to this question. The quoted words were first employed by the Legislature in the comprehensive revision of the provisions of G. L. c. 265, § 22, 22A and 23, and G. L. c. 277, § 39, which was effected by §§ 1, 2, 3 and 7, respectively, of the 1974 act, which was entitled "An Act redefining the elements constituting the crime of rape and related offenses." A study of the entire act discloses nothing to suggest that the words "unnatural sexual intercourse" were intended to vary in meaning from section to section. Compare *Commonwealth* v. *Swahn, ante,* 642, 645-648 (1977).

2. The defendant tells us that there are two prongs to the second ground of his motion, the first being that § 22, as amended, "allows the prosecution to decide when a crime has been committed without any legislative guidelines." A study of the cases cited by the defendant in support of this prong[2] discloses nothing more than a variation on the "void for vagueness" theme already considered and rejected.

---

[1] "Whoever unlawfully has sexual intercourse or unnatural sexual intercourse, and abuses a child under sixteen years of age shall, for the first offense, be punished by imprisonment in the state prison for life or for any term of years, or, except as otherwise provided, for any term in a jail or house of correction, and for the second or subsequent offense by imprisonment in the state prison for life or for any term of years, but not less than five years."

[2] E.g., *Grayned* v. *Rockford,* 408 U. S. 104, 108-109 (1972), and *Smith* v. *Goguen,* 415 U. S. 566, 572-575 (1974).

The second prong is that § 22, as amended, is "abhorrent to the concept of due process" in the respect that it grants the prosecution unlimited discretion to proceed against a person who has committed forced anal intercourse by prosecuting him under § 22, which carries a maximum penalty of life imprisonment, rather than under G. L. c. 272, § 34, which carries a maximum of twenty years, or under G. L. c. 272, § 35, which carries a maximum of only five years.[3] There is nothing in the record in this case which suggests any prosecutorial abuse of discretion in this area since the effective date of the 1974 act; the time to consider the point (if there is one) will be when we are presented with a record which lends factual support to the contention. See *Commonwealth* v. *Jackson*, 369 Mass. 904, 908 (1976).

*Judgment on count 2*
*affirmed.*

---

[3] Sodomy has always been punishable under G. L. c. 272, § 34. See *Commonwealth* v. *Snow,* 111 Mass. 411 (1873); *DeGolyer* v. *Commonwealth,* 314 Mass. 626 (1943); *Commonwealth* v. *Marshall,* 356 Mass. 432 (1969). We are not aware of any modern case involving a prosecution for sodomy under G. L. c. 272, § 35.