COMMONWEALTH *vs.* THOMAS BROWN. March 9, 1978. The defendant was convicted on a charge of rape (forced cunnilingus) brought under the provisions of G. L. c. 265, § 22, as appearing in St. 1974, c. 474, § 1, and has appealed. 1. The defendant's constitutional attack on that statute has been foreclosed by recent decisions of the Supreme Judicial Court and this court. See *Commonwealth* v. *Gallant,* 373 Mass. 577 (1977); *Commonwealth* v. *Gonzales,* 5 Mass. App. Ct. 705 (1977); *Commonwealth* v. *Mamay,* 5 Mass. App. Ct. 708 (1977). 2. The defendant has argued that several statements and comments made by the prosecutor during the course of his closing argument were so inflammatory and improper as to require reversal. However, the only exception taken concerning the argument was to the prosecutor's characterization of the defendant as a thief and a robber, made in his comments concerning the defendant's credibility as opposed to that of the victim. The defendant argues that those words were not supported by the evidence. Records of the convictions of the defendant for larceny from the person, assault and battery against that same person, and for another larceny from the person were in evidence. In a technical sense, the convictions were not for robbery, but, as the words were used colloquially we do not regard them as unfair comment, nor do we feel that the additional characterization of the defendant as a robber lessened his credibility to a greater degree than would have been the case if only "thief" had been used. Contrast *Commonwealth* v. *Redmond,* 370 Mass. 591 (1976); *Commonwealth* v. *Earltop,* 372 Mass. 199 (1977); *Commonwealth* v. *Shelley,* 374 Mass. 466 (1978). 3. As requested by the defendant, we have examined the transcript and the exhibits and have concluded that no substantial risk of a miscarriage of justice will occur if we do not invoke the rarely used power employed in *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967).

*Judgment affirmed.*

*Beth H. Saltzman* for the defendant.
*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.