COMMONWEALTH *vs.* RICHARD JOSEPH MARTIN.

Suffolk.   September 13, 1978. — October 17, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Search and Seizure. Probable Cause. Unnatural Sexual Intercourse.*

Information received by a police officer, in the course of investigating a rape and robbery complaint, from three apparently disinterested young girls who lived in the neighborhood in which the crimes occurred was sufficiently reliable to support a finding of probable cause for issuance of a search warrant. [626–629]

An affidavit by a police officer, in support of an application for a search warrant, which provided facts from which it could be inferred that the person who had raped and robbed a woman lived in the neighborhood in which the crimes occurred and detailed information supplied by disinterested persons in the area as to a house where there lived a man matching the victim's description of her assailant supported a finding of probable cause to search the defendant's dwelling. [629–630]

General Laws c. 265, § 22, was not unconstitutionally vague as applied to a defendant who forced a woman to perform an act of fellatio. [630]

INDICTMENTS found and returned in the Superior Court on June 10, 1977.

The cases were tried before *Garrity,* J.

*Beth H. Saltzman* for the defendant.

*Stephen M. Needle,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. Richard Joseph Martin was found guilty on indictments charging forced sexual intercourse, armed robbery and breaking and entering with intent to commit a felony. He assigns as error (1) the denial of his motion to suppress evidence obtained pursuant to a search warrant which he claims was issued without probable cause and (2) the denial of his motion for a directed verdict on an additional indictment for forced unnatural sexual intercourse on the grounds that G. L. c. 265, § 22, as appearing in St. 1974, c. 474, § 1, is unconstitutionally vague and confers an unconstitutional measure of discretion on the prosecution.

There was evidence that at about 4:00 A.M. on May 19, 1977, the victim was asleep in her apartment and was awakened by a male intruder who put his hand over her mouth, held a knife to her throat, and forced her to submit to an act of copulation and perform an act of fellatio. Following an investigation a Detective Donahue of the Boston police applied for a warrant to search the defendant's apartment.

Since the only facts material to our decision are those found in the affidavit accompanying the application for the search warrant, we summarize them here. The intruder was described by the victim as a man of about twenty-five to thirty years, tall and thin, very dirty, wearing a dark sweatshirt, blue corduroy pants, maroon wool hat, and no shoes. After raping the victim, he removed four dollars from her pocketbook. The victim later found a typewritten note in her mailbox, apparently left by the rapist. The affidavit stated that material in the note indicated to the investigating officers that the intruder could possibly live in the area. The police thereupon made a door to door canvass of the area, where they questioned three young girls. The girls directed the officers to a house where, they stated, there lived a man about twenty-five to thirty years old, very dirty, tall and thin who never wore shoes.

Detective Donahue obtained the warrant to search for various items, including a typewriter, a long hunting knife, a maroon wool hat, and blue corduroy pants. On May 23 at about noon, the police executed the warrant and seized items which the defendant later moved to suppress, including a typewriter, a pad of writing paper, a white manila envelope with the name "Nancy . . ." (the name of the victim) and her address, blue corduroy pants, a large gray sweatshirt, and a maroon colored hat.

1. The trial judge should not have considered facts not contained in the affidavit accompanying the application for a search warrant. *Commonwealth* v. *Monosson*, 351 Mass. 327, 329–330 (1966). As already indicated, we have limited our inquiry to the face of the affidavit and conclude that probable causes existed for the issuance of a search warrant of the defendant's premises. *Aguilar* v. *Texas*, 378 U.S. 108, 109 n.1 (1964). *Commonwealth* v. *Reynolds*, 374 Mass. 142, 148–149 (1977). *Commonwealth* v. *Fleurant*, 2 Mass. App. Ct. 250, 253 (1974).

The defendant attacks the sufficiency of the affidavit on the ground that it fails to meet the two-pronged test of *Aguilar* v. *Texas, supra,* by presenting only the unsubstantiated tip of "anonymous informants" and the affiant's unsupported belief that the defendant lived in the area. We disagree.

The test set forth in *Aguilar* and later refined in *United States* v. *Ventresca,* 380 U.S. 102 (1965), *Spinelli* v. *United States,* 393 U.S. 410 (1969), and *United States* v. *Harris,* 403 U.S. 573 (1971), requires that an affidavit accompanying an application for a search warrant inform the magistrate issuing the warrant of some of the underlying circumstances from which the affiant concluded that the informants, whose identities need not be disclosed, were reliable and of some of the underlying circumstances from which the informants drew their conclusions. *Aguilar* v. *Texas, supra* at 114. *Commonwealth* v. *Stewart,* 358 Mass. 747, 750 (1971). *Commonwealth* v. *Stevens,* 362 Mass. 24, 27 (1972). *Commonwealth* v. *Fleurant, supra* at 252.

In applying this test to a particular affidavit, we are mindful that the affidavit should be viewed with a commonsense, nontechnical, ungrudging, and positive attitude. *United States* v. *Ventresca, supra* at 108–109. *Commonwealth* v. *Stewart, supra* at 750. *Commonwealth* v. *Fleurant, supra*. A finding of probable cause, while demanding more than mere suspicion, requires less evidence than that which is necessary to justify a conviction. *Draper* v. *United States*, 358 U.S. 307, 311–312 (1959). *Commonwealth* v. *Haefeli*, 361 Mass. 271, 284–285 (1972). *Commonwealth* v. *Snow*, 363 Mass. 778, 784 (1973). Furthermore, if the police are to be encouraged to use the warrant procedure as they did here, "it seems good policy to allow a certain leeway or leniency in the after-the-fact review of the sufficiency of applications for warrants." *Commonwealth* v. *Corradino*, 368 Mass. 411, 416 (1975). *Rosencranz* v. *United States*, 356 F.2d 310, 313 (1st Cir. 1966).

With these guidelines in mind, we conclude that both prongs of the *Aguilar* test have been met by the affidavit before us. In order to satisfy the first prong of *Aguilar*, it was not necessary for the affiant to allege that the three girls were believed to be reliable. *Commonwealth* v. *Fleurant*, 2 Mass. App. Ct. at 253. The magistrate could determine their credibility from the facts presented in the affidavit. See *United States* v. *Harris, supra* at 579–580; *United States* v. *Unger*, 469 F.2d 1283, 1286–1287 (7th Cir. 1972), cert. denied, 411 U.S. 920 (1973).

The suppliers of information in this case are clearly not the "faceless informers" whose very self-interest renders their information suspect. See *Commonwealth* v. *Corradino, supra* at 414–415 n.5; *United States* v. *Bigos*, 459 F.2d 639, 641–642 (1st Cir. 1972), cert. denied sub nom. *Raimondi* v. *United States*, 409 U.S. 847 (1972); *United States* v. *Unger, supra* at 1287 n.4. We reject the notion of an "informant" as "anyone who participates in and furnishes information about a transaction." *Gordon* v. *United States*, 438 F.2d 858, 874 (5th Cir.), cert. denied,

404 U.S. 828 (1971). "[A]n informer is an undisclosed person who confidentially volunteers material information of violations of the law to officers charged with enforcement of that law . . . . As we understand the term, persons who supply information only after being interviewed by police officers, or who give information as witnesses during the course of an investigation, are not informers." *United States* v. *Oliver*, 570 F.2d 397, 401 (1st Cir. 1978), quoting *Gordon* v. *United States, supra* at 875.

The suppliers of information in this case were three apparently disinterested young girls who knew nothing of the crimes that had been committed and who simply responded to a neutral inquiry by the police about whether an individual meeting a particular description lived in the neighborhood. See *Commonwealth* v. *Morris*, 358 Mass. 219, 221–222 (1970). Compare *Commonwealth* v. *Stewart*, 358 Mass. at 752; *Commonwealth* v. *Fleurant*, 2 Mass. App. Ct. at 253; *Howard* v. *Allgood*, 272 F. Supp. 381, 384–385 (La. 1967), aff'd, 402 F.2d 795 (1968). The description they furnished the police officers of a man who "never wears shoes" was specific. *Commonwealth* v. *Fleurant, supra. United States* v. *Roman*, 451 F.2d 579, 581 (4th Cir. 1971), cert. denied, 405 U.S. 963 (1972). There is nothing to suggest that any of the three girls was paid for the information supplied. *Commonwealth* v. *Fleurant, supra. United States* v. *Wilson*, 479 F.2d 936, 940 (7th Cir. 1973). It appears from the affidavit that the three girls were inherently reliable suppliers of information. See *Jaben* v. *United States*, 381 U.S. 214, 224 (1965). *United States* v. *Harris*, 403 U.S. at 599 (Harlan, J., dissenting).

Furthermore, the magistrate, by exercising his common sense and balancing the probabilities, could infer from the face of the affidavit that the girls' information was based on personal observation. See *Commonwealth* v. *Genest*, 371 Mass. 834, 836–838 (1977). Personal observation is a sufficient basis upon which to predicate a finding of reliability and support a finding of probable cause.

*United States* v. *Harris*, 403 U.S. at 589 (Harlan, J., dissenting). *Commonwealth* v. *Pellier*, 362 Mass. 621, 625 (1972). *Commonwealth* v. *Montanague*, 5 Mass. App. Ct. 889 (1977). *Commonwealth* v. *Flaherty, post* 876 (1978). *United States* v. *Viggiano*, 433 F.2d 716, 718–719 (2d Cir. 1970), cert. denied, 401 U.S. 938 (1971).

We turn to an examination of the sufficiency of the affidavit as a whole to resolve the defendant's contention that the affidavit failed to establish probable cause because it did not show the factual basis for the affiant's conclusion that the assailant lived nearby. *Commonwealth* v. *Moran*, 353 Mass. 166, 170–171 (1967). *Commonwealth* v. *Victor*, 1 Mass. App. Ct. 600, 601 (1973). Reasonable inferences may be drawn by the magistrate from all the information submitted in the affidavit based on his experience in such matters. *Commonwealth* v. *Moran, supra* at 170. *Commonwealth* v. *Brown*, 354 Mass. 337, 345 (1968). *Commonwealth* v. *Anderson*, 362 Mass. 74, 77 (1972). *Irby* v. *United States*, 314 F.2d 251, 253 (D.C. Cir.), cert. denied, 374 U.S. 842 (1963). *Rosencranz* v. *United States*, 356 F.2d at 314.

The affidavit stated that a note apparently left by the rapist was found by the victim in her mailbox on the morning of the rape. In addition to the facts summarized earlier, the affidavit also detailed another rape, the facts of which were similar to those in the present case, that had occurred on a named street in East Boston. Although the contents of the note were not revealed, we believe that the magistrate reasonably could have inferred from these facts that the assailant lived in the area. See *United States* v. *Ramirez*, 279 F.2d 712, 716 (2d Cir.), cert. denied, 364 U.S. 850 (1960). The affiant's conclusion that the contents of the note "indicated to the officers that [the assailant] could possibly live in the area" is merely explanatory of the reason why the officers began making the inquiries in the neighborhood which led them to the three girls, and as such is unnecessary to our decision on probable cause.

We hold that the affidavit taken as a whole, together with inferences which reasonably could be drawn from it, supported the magistrate's finding that probable cause existed to issue a warrant to search the defendant's dwelling. See *Commonwealth* v. *Vynorius*, 369 Mass. 17, 23–26 (1975).

2. The defendant's contentions that G. L. c. 265, § 22, as appearing in St. 1974, c. 474, § 1, is unconstitutionally vague and gives the prosecutor unbridled discretion have been foreclosed by opinions and decisions of the Supreme Judicial Court and this court. E.g., *Commonwealth* v. *Gallant*, 373 Mass. 577 (1977); *Commonwealth* v. *Gonzales*, 5 Mass. App. Ct. 705 (1977); *Commonwealth* v. *Mamay*, 5 Mass. App. Ct. 708 (1977); *Commonwealth* v. *Brown, post* 854 (1978). See *Balthazar* v. *Superior Court*, 573 F.2d 698, 702 (1978).

Nor is there merit to the contention that the statute is unconstitutional as applied in this case as there is nothing in the record "which suggests any prosecutorial abuse of discretion in this area." *Commonwealth* v. *Gonzales*, *supra* at 708.

*Judgments affirmed.*