Earle R. ROBINSON,
Petitioner-Appellant,

v.

Louis BERMAN, Respondent-Appellee.

No. 78–1367.

United States Court of Appeals,
First Circuit.

Submitted Jan. 5, 1979.

Decided March 23, 1979.

Willie J. Davis, Boston, Mass. by appointment of the Court, on brief for petitioner-appellant.

Robert S. Potters, Asst. Atty. Gen., Criminal Division, Francis X. Bellotti, Atty. Gen., and Stephen R. Delinsky, Asst. Atty. Gen., Chief, Criminal Bureau, Boston, Mass., on brief, for respondent-appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

On November 10, 1975, petitioner-appellant, Earle R. Robinson, forced a fifteen year old male hitchhiker to commit fellatio at knifepoint and was sentenced to state prison for violating Mass.Gen.Laws ch. 265, § 22A, which prohibits "sexual intercourse or unnatural sexual intercourse with a child under sixteen . . . by force and against his will or . . . by threat of bodily injury." He brought a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that the statutory term "unnatural sexual intercourse" is unconstitutionally vague. The district court ruled that judicial decisions of the Massachusetts courts had put petitioner on notice that his conduct was illegal and granted a motion to dismiss. We affirm.

Several general principles govern our determination as to whether Mass.Gen. Laws ch. 265, § 22A is unconstitutionally vague. A state may not hold an individual "criminally responsible for conduct which he could not reasonably understand to be proscribed." United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). See also Rose v. Locke, 423 U.S. 48, 49, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975). Criminal statutes must, therefore, be sufficiently specific to give fair notice of what conduct is forbidden. Id. at 49–50, 96 S.Ct. 243; Colten v. Kentucky, 407 U.S. 104, 110, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). Unless a statute impinges upon the exercise of first

amendment rights, it will usually be appraised "in light of the facts of the case at hand," United States v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975), and will not be held void for vagueness if the person challenging it had sufficient warning that his own conduct was unlawful. Id. at 553. See also United States v. Powell, 423 U.S. 87, 92, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975). A statute whose terms have a commonly understood meaning or have been clarified by judicial explanation or by application to particular conduct is not unconstitutionally vague. See Rose v. Locke, supra, 423 U.S. at 50–52, 96 S.Ct. 243.

We recently discussed and applied these principles in Balthazar v. Superior Court, 573 F.2d 698 (1st Cir. 1978). There, we held that Mass.Gen.Laws ch. 272, § 35, which proscribes "unnatural and lascivious acts," was unconstitutionally vague as applied to a person who committed fellatio and oral-anal contact. Id. at 699. Although ruling that at the time Balthazar committed his acts, the statute lacked a well understood meaning and had not been sufficiently defined or applied to Balthazar's conduct, we noted that subsequent Massachusetts decisions, e. g., Commonwealth v. Balthazar, 366 Mass. 298, 318 N.E.2d 478 (1974); Commonwealth v. Deschamps, 1 Mass.App. 1, 294 N.E.2d 426 (1972), had narrowed the statute and had applied it to fellatio. Balthazar v. Superior Court, supra, 573 F.2d at 702.

Robinson contends that our decision in Balthazar[1] compels the conclusion that ch. 265, § 22A is unconstitutionally vague. He misreads our opinion. The term "unnatural sexual intercourse," standing alone, could well be found to have no more commonly understood meaning than "unnatural and lascivious act," the terms found constitutionally infirm in Balthazar. However, the Massachusetts Supreme Judicial Court had given a clear warning in 1974 that forced fellatio was illegal. Commonwealth v. Bal-

---

1. In Balthazar, we noted that a precursor statute to Mass.Gen.Laws ch. 272, § 35 had been construed by the Massachusetts Supreme Judicial Court in Commonwealth v. Dill, 160 Mass.

536, 537, 36 N.E. 472, 473 (1894), to include "any mode of unnatural copulation," but that the term "unnatural copulation" was itself vague. 573 F.2d at 700–01.

*thazar, supra*, 366 Mass. at 302, 318 N.E.2d at 481. *See also Commonwealth v. Deschamps, supra*, 1 Mass.App. 1, 294 N.E.2d 426. Petitioner is, therefore, in a poor position to argue that he had no notice that his 1975 conduct was prohibited.

Robinson protests, however, that the *Balthazar* case concerned ch. 272, § 35, a different statute from the one under which he was convicted. We think this is immaterial. The essence of the fair warning requirement embodied in the due process clause is that a person should not be punished for an act he could not know was criminal. We agree with the Massachusetts Supreme Judicial Court that a person who forces another to commit fellatio on him while on notice that it is an "unnatural and lascivious act" within the meaning of one criminal statute had no cause to complain that he had no notice his conduct violated another statute prohibiting "unnatural sexual intercourse." *Commonwealth v. Gallant*, Mass.Adv.Sh. (1977) 2254, 2266, 2272, 369 N.E.2d 707, 713 (1977). The petitioner cites no authority to the contrary.

The petitioner, since he received a fifteen to eighteen year sentence, understandably expresses concern that the maximum life penalty under ch. 265, § 22A is much greater than the maximum five year penalty under ch. 272, § 35. Nonetheless, an argument premised on the unconstitutionality of a statute for vagueness does not address the issue of differing potential punishments. Unless prosecutorial abuse of

discretion in charging petitioner under the harsher statute is alleged—and none is here—we see no due process violation. *See generally Commonwealth v. Gallant, supra*, Mass.Adv.Sh. at 2267 n.11, 369 N.E.2d at 713 n.11; *Commonwealth v. Gonzales*, Mass. App.Adv.Sh. (1977) 1211, 1214–15, 369 N.E.2d 1038, 1039 (1977).

Although the district court did not base its decision on procedural grounds, the Commonwealth argues on appeal that dismissal of the petition was warranted because (1) the record does not show that Robinson properly raised his claim in state court,[2] as required by *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), and (2) by failing to appeal to the highest state court, he failed to exhaust state remedies, as required by 28 U.S.C. § 2254(b). We address these contentions in order.

The Commonwealth failed to raise the first issue in the district court and, hence, will be barred from raising it here for the first time.[3] With regard to the second issue, we have recognized a limited exception to the exhaustion requirement when the question raised by petitioner has recently been decided by the highest state court. *Sarzen v. Gaughan*, 489 F.2d 1076, 1082 (1st Cir. 1973); *Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972); *Walsh v. Picard*, 446 F.2d 1209, 1210 n.2 (1st Cir. 1971), *cert. denied*, 407 U.S. 921, 92 S.Ct. 2465, 32 L.Ed.2d 807 (1972).

2. In his petition for a writ of habeas corpus, the petitioner says that, prior to trial, the Superior Court reported the following question: "Should the Court allow the defendant's motion to dismiss an indictment . . . under . . . General Laws, Chapter 265, Section 22A . . . where the evidence [before the grand jury] shows that the defendant compelled the victim to commit fellatio upon the defendant?" The Supreme Judicial Court ruled that the motion should be denied because the adequacy of the evidence before the grand jury could not be tested by a motion to dismiss; it refused to address the argument that the statute involved was unconstitutionally vague because the motion to dismiss did not pose that question. *Commonwealth v. Robinson*, Mass.Adv.Sh. (1977) 2273, 2276–77, 368 N.E.2d 1210, 1212. The habeas petition does not state and the

record is silent as to whether the petitioner then made a motion to dismiss on vagueness grounds in the trial court.

3. The district court granted a summary dismissal of the petition rendering the record sparse. Notwithstanding this, the Commonwealth's sole grounds for moving to dismiss were that the petition failed to state a claim upon which relief may be granted and petitioner's failure to exhaust. We are not inclined to read the first ground more broadly than a general allegation that petitioner was lawfully convicted under a constitutional statute. We do not read it so expansively as to encompass an allegation that petitioner failed to raise his constitutional claim in state courts.

When the highest state court has addressed itself to the issues raised, and there are no intervening Supreme Court decisions on point, nor any indication that the state court intends to depart from its former decisions, the exhaustion doctrine does not require a petitioner to present his claims in state court.

*Sarzen, supra*, at 1082. In other words, a petitioner need not exhaust state remedies if it would be futile to do so.

Petitioner argues that he should not have to exhaust the state appellate procedure since the Massachusetts Supreme Judicial Court recently construed "unnatural sexual intercourse" under a separate statute, Mass. Gen.Laws ch. 265, § 23, as including fellatio, *Commonwealth v. Gallant, supra*, Mass. Adv.Sh. (1977) 2254, 369 N.E.2d 707, and there is no reason to believe it would not likewise construe the same language in ch. 265, § 22A, the statute under which Robinson was convicted.

In *Gallant*, the Massachusetts Supreme Judicial Court rejected an argument that Mass.Gen.Laws ch. 265, § 23, which prohibits "unnatural sexual intercourse" with a child under sixteen, was unconstitutionally vague as applied to a person who had a child commit fellatio. *Id.* at 2256, 369 N.E.2d at 709. The petitioner in this case was convicted under ch. 265, § 22A, a closely related statute which also prohibits "unnatural sexual intercourse" with a child under sixteen, but requires an additional showing of force or threat of bodily injury. The words "unnatural sexual intercourse" were inserted in both statutes by the same 1974 amendment redefining rape and related offenses, 1974 Mass.Acts, ch. 474,[4] and were presumably intended to have the same meaning in both statutes. *Commonwealth v. Mamay*, Mass.App.Ct.Adv.Sh. (1977) 1216, 1218, 369 N.E.2d 1036, 1037; *Commonwealth v. Gonzales, supra*, Mass.App.Ct. Adv.Sh. at 1213, 369 N.E.2d at 1039.

Since the highest state court recently construed the identical language in a similar statute as extending to the behavior here complained of, we think that the narrow exception to the exhaustion requirement is aptly invoked. Because a prior decision by the Massachusetts Supreme Judicial Court had put petitioner on fair notice that his conduct was illegal, *Commonwealth v. Balthazar, supra*, 366 Mass. at 302, 318 N.E.2d at 481, no due process violation can be premised on his conviction under Mass.Gen.Laws ch. 265, § 22A.

*The order of the district court denying the petition for a writ of habeas corpus is affirmed.*

4. The 1974 amendment changed the language of the following Massachusetts provisions: ch. 265, § 22 (forcible rape), ch. 265, § 22A (forcible rape of a minor), ch. 265, § 23 (consensual intercourse with a minor), ch. 265, § 24 (assault with intent to rape), ch. 265, § 24B (assault on a minor with intent to rape), and ch. 277, § 39 (definitions for indictment). It protected both males and females from sexual assaults and assessed the same penalties for unlawful sexual intercourse and unnatural sexual intercourse.