Fremont-Smith, J.
This suit is a negligence action for wrongful death brought by the sister and ad-ministratrix of the estate of Nathan Hersh, who was shot and killed by a Boston police officer. Plaintiff had called the Boston 911 line to obtain assistance from the Boston Police Department in bringing Nathan Hersh to seek psychiatric care. It is alleged that the police department’s response was inappropriate and provoked a confrontation during which Hersh was shot and killed by a police officer.
At issue is the disclosure of documents and things sought by plaintiffs subpoena, including property seized from Hersh by the police, tape recordings of radio traffic and telephone calls prior to and during the event among the police and between the police and other persons, written witness statements, police reports and similar materials relating to Hersh, medical records, including an autopsy report concerning Hersh, and all other physical and/or documentary evidence relating to the shooting.
The City of Boston has moved to quash the subpoena on the ground that the materials sought are protected by the investigative privilege of the District Attorney or are privileged opinion work product of the District Attorney. The attorney-client privilege is not invoked.
For the reasons stated below, the motion to quash is DENIED, except that any mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the City of Boston concerning or in anticipation of this litigation, and the identity of informants to the Boston Police Department or to the District Attorney’s office (not including, however, the identity of witnesses) may be redacted from said documents prior to production.
DISCUSSION
Although the Supreme Judicial Court has recognized that it has the power to create privileges, it is a power which has been exercised sparingly, and “only to the very limited extent that permitting a refusal to *504 testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.” Babets v. Secretary of Human Services, 403 Mass. 230, 234 (1988). There, the Court declined to recognize the existence of a “public policy,” a “governmental,” or an “executive” privilege. The Appeals Court has held, moreover, that although communications by an informant to a district attorney or other prosecuting officer in order to secure the enforcement of law are privileged, “where the disclosure of an informer’s identify, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the government withholds the information, dismiss the action.” Commonwealth v. Nelson, 26 Mass.App.Ct. 794, 797 (1989).
The privilege for communications of an “informer,” moreover, was defined narrowly by the Court as pertaining to an “undisclosed person who confidentially volunteers material information of violations of the law to officers charged with enforcement of that law... As we understand the term, persons who supply information only after being interviewed by police officers, or who give information as witnesses during the course of an investigation, are not informers." Commonwealth v. Martin, 6 Mass.App.Ct. 624, 628 (1978). Regarding witness statements, the Supreme Judicial Court has indicated that witness statements “would, at most, be entitled to exemption from disclosure during the pendency of a criminal proceeding.” Reinstein v. Police Commissioner of Boston, 378 Mass. 281, 290, n.18 (1979).
With respect to the particular categories of documents sought, then, no privilege attaches to property seized from Hersh at the time of the shooting. Tape recordings of radio or telephone conversations between the police and other persons, and among the police, were clearly made in the ordinary course of the Police Department’s business, and are not privileged. While witness statements may have been gathered in anticipation of litigation, they would only be privileged, if at all, during the pendency of a criminal proceeding, and none is pending here. Although such documents might also be subject to the conditional “work product” privilege, they may be ordered produced where, as here, plaintiff has a substantial need of the materials in the preparation of her case and is unable, without undue hardship, to obtain the substantial equivalent of the materials by any other means. Mass.R.Civ.P. 26(b)(3). The same considerations apply to any police reports and other physical or documentary evidence, including photographs, which relate to the shooting of Hersh.
Any statements of mental impressions, conclusions, opinions or legal theories of any representatives of the City of Boston or the District Attorney’s office, however, shall be redacted from the documents prior to production, as shall any identification of “informants,” as defined above.
Any privacy interest in the autopsy report belongs to the decedent’s survivors and estate, i.e., to the plaintiff. Accordingly, the autopsy report shall be produced.