Garsh, J.
Late in the evening of December 17 and early morning of December 18, 1993, pursuant to a search warrant, police searched the defendant’s residence at 8 Ethel Street in Roslindale. The police seized nine packets of cocaine and other drug paraphernalia. Michael Hoar (“Hoar”) was subsequently indicted for trafficking in cocaine. Hoar is now before the court on a motion to suppress the evidence seized, claiming that the search warrant was issued without probable cause.
BACKGROUND
The affidavit in support of the search warrant contained information from a named informant, Linda Burns. This information was supplied by Bums to the affiant, Peter N. Doherty, a detective with the Boston Police Department. Burns told the detective that two days earlier, while at 8 Ethel Street, she observed Michael Hoar take five tweniy-dollar bills from a white male in his early forties and that he, in turn, gave this person a package of white powder, which the man broke open; after making lines of the white powder, he snorted it with a straw into his nose. Burns stated that she had seen this type of transaction on numerous occasions and that Hoar had said that “he would not get caught because he only sells coke to firefighters.” In addition to describing the house as a single-family two and a half story green wooden dwelling occupied by Hoar, Bums described Hoar as a white male, about 5’8" tall, with reddish brown hair and hazel eyes, and she supplied his date of birth. Burns also informed the detective that, on other occasions, she had seen tin cans in the bedroom beside the bath room on the second floor and that these cans contained a white powder that Hoar had referred to as “coke.” Finally, she advised that Hoar had asked her to help him “stop doing drugs.”
The affidavit also states that Hoar was arrested that day by the Waltham Police for, inter alia, possession of cocaine.
DISCUSSION
Massachusetts has adopted the Aguilar-Spinelli standard to determine whether sufficient probable cause exists to issue a search warrant when information is supplied to the police by an informant. Aguilar v. Texas, 378 U.S. 108 (1964); Spinelli v. United States, 393 U.S. 410 (1969); Commonwealth v. Upton, 394 Mass. 363, 374 (1985). Essentially, the affidavit must set forth (1) some underlying circumstances which demonstrate a basis for the informant’s knowledge (basis of knowledge test) and (2) some underlying circumstances from which the police could have concluded that the informant was credible or her information reliable (the veracity test). Commonwealth v. Robinson, 403 Mass. 163, 164-65 (1988); Commonwealth v. Upton, 394 Mass. at 375.
The veracity test is relaxed when the informant is a named and identified person “whether as a participant in, victim of, or eyewitness to a crime.” Commonwealth v. Atchue, 393 Mass. 343, 348 n. 4 (1984); Commonwealth v. Freiberg, 405 Mass. 282, 297-98 (1989).
Basis of Knowledge
The affidavit reflects that the informant obtained her information first-hand through personal observations made during a drug transaction. This satisfies the basis of knowledge test, Commonwealth v. Perez-Baez, 410 Mass. 43, 45 (1991), and the defendant does not argue otherwise.
Veracity
A named informant carries an indicia of reliability. Atchue, 393 Mass. at 347. See also Commonwealth v. Lee, 10 Mass.App.Ct. 518, 527 (1980) (requirement of known reliability relaxed even when informant volunteers accusatory information). While the fact that Bums was named is but “one/actor which may be weighed in determining the sufficiency of an affidavit,” Atchue, 393 Mass. at 347 (emphasis in original), as in Atchue, we are not confronted here with that mere fact alone.
In addition to the name of the informant, the affidavit contains her address. There is nothing to suggest that she was paid for the information supplied. Cf. Commonwealth v. Martin, 6 Mass.App.Ct. 624, 628 (1978). The affiant was in direct communication with Burns and able to ask her questions. Commonwealth v. Burt, 393 Mass. 703, 710 (1985); Commonwealth v. Fleurant, 2 Mass.App. 250, 253 (1974) (“The specificity of the information supplied, the affiant’s occasion to question the informant, and the fact that the informant was named and was not a paid informer are all relevant circumstances in determining the informant’s credibility”). Most important, the affidavit is highly specific, detailing both a particular drug sale, as well as describing precisely where cocaine was stored by the defendant, namely in tin cans in the bedroom adjacent to the bathroom on the second floor, and specifying the defendant’s clientele, namely firefighters. These types of details are not easily obtainable.
Contrary to defendant’s contention, specificity can be used not only to demonstrate basis of knowledge, but it also may be used to buttress the credibility of an identified informant. Indeed, the Supreme Judicial Court specifically has held that an identified informant’s assertion of first hand knowledge of crim *410 inal activity, coupled with the specificity of the facts furnished, may constitute a sufficient basis upon which to predicate a finding of reliability. Atchue, 393 Mass. at 348. See also Commonwealth v. Munera, 31 Mass.App.Ct. 380, 383 (1991) (“His assertion of first hand knowledge, coupled with the specificity of the facts that he furnished, lent credence to the belief that he personally saw criminal activity and warranted a finding of reliability”).
Defendant suggests that the informant’s credibility is suspect because she was making an allegation of criminal activity against a person with no criminal record and about whom the police had no information of a criminal nature until the day Burns provided her information. No such inference is required. In fact, although not necessary to satisfy the veracity test, the arrest of the defendant for possession of cocaine on the same day that the informant supplied information gives rise to a reasonable inference that Burns was credible because she reported that she had seen cocaine within the premises sought to be searched and that Hoar himself was a drug abuser.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion to suppress brought by the defendant, Michael Hoar, is DENIED.